COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPREME JUDICIAL COURT
                                          FOR SUFFOLK COUNTY
                                          NO: BD-2023-087

IN RE: Margaret Plaza

ORDER OF DISABILITY INACTIVE STATUS

This matter came before the Court, Wendlandt, J., on an Information and Record of Proceedings pursuant to S.J.C. Rule 4:01, § 8(6), with the Recommendation and the Vote of the Board of Bar Overseers (Board) recommending that the lawyer be placed on disability inactive status in accordance with S.J.C. Rule 4:01, § 13(4), filed by the Board on October 12, 2023.

On October 20, 2023, an Order of Notice issued and was served on the lawyer in the manner specified in S.J.C. Rule 4:01, § 21m directing her to appear before this Court on November 29, 2023, to show cause why the relief sought in the Information should not be granted. After a hearing was held, attended by assistant bar counsel, but not the lawyer, and in accordance with the Memorandum of Decision dated the same date as this Order;

It is ORDERED that:

1. Margaret Plaza shall be placed on disability inactive status from the practice of law in the Commonwealth until further order of this Court pursuant to S.J.C. Rule 4:01, § 13(2) effective

immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice of withdrawal as of the effective date of the disability inactive status with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b) resign as of the effective date of the disability inactive status all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

    c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been placed on disability inactive status; that she is disqualified from acting as a lawyer after the effective date of the disability inactive status; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute

another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

    d)  provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been placed on disability inactive status and, as a consequence, is disqualified from acting as a lawyer after the effective date of the disability inactive status;

    e)  make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

    f)  refund any part of any fees paid in advance that have not been earned; and

    g)  close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

    3.  Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules.  Appended to the affidavit of compliance shall be:

      a)   a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

      b)   a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

      c)   a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

      d)   such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

      e)   a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice;

      f)   the residence or other street address where communications to the lawyer may thereafter be directed; and

      g)   any and all bar registration cards issued to the lawyer

by the Board of Bar Overseers.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of Supreme Judicial Court Rule 4:01, § 17.

4.   Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

    a)  a copy of the affidavit of compliance required by paragraph 3 of this Order;

    b)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    c)  the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Wendlandt, J.)

_____
Maura S. Doyle, Clerk

Entered: Dec. 27, 2023